UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amy Hamilton-Warwick,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. Bancorp, U.S. Bank National Association, Federal Deposit Insurance Corporation,<br><br>      Defendants. | Case No. 15-cv-2730 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

Amy Hamilton-Warwick, 306 Exchange Street South, Saint Paul, MN 55102, pro se

Jonathan P. Norrie, Bassford Remele, PA, 33 S 6th Street Suite 3800, Minneapolis, MN 55402, for U.S. Bancorp and U.S. Bank National Association; Andrew A. Nicely and Larry L. Goodman, Federal Deposit Insurance Corporation, 3501 Fairfax Drive, Arlington, VA 22226, for Federal Deposit Insurance Corporation

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Plaintiff Amy Hamilton-Warwick's Motion for Judgment by Default upon Application to the Clerk for Defendant U.S. Bancorp, Defendant U.S. Bank National Association, and Defendant Federal Deposit Insurance Corporation [Doc. No. 20]; U.S. Bank National Association and U.S. Bancorp's Motion to Set Aside Entry of Default and to Allow Filing of Answer [Doc. No. 21]; Plaintiff's Motion for Stay of Proceedings Pending Disposition of Motions After Entry of Judgment [Doc. No. 22]; Federal Deposit Insurance Corporation's Motion to Set Aside Entry of

Default and to Allow Filing of Answer [Doc. No. 27]; and Plaintiff's Preliminary Injunction [Doc. No. 29]. The matter has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a) [Doc. No. 31]. The Court held a hearing on these motions on October 28, 2015.

For the reasons set forth below, the Court recommends denying Plaintiff's Motion for Judgment by Default upon Application to the Clerk for Defendant U.S. Bancorp, Defendant U.S. Bank National Association, and Defendant Federal Deposit Insurance Corporation [Doc. No. 20]; granting U.S. Bank National Association and U.S. Bancorp's Motion to Set Aside Entry of Default and to Allow Filing of Answer [Doc. No. 21]; denying as moot Plaintiff's Motion for Stay of Proceedings Pending Disposition of Motions After Entry of Judgment [Doc. No. 22]; granting Federal Deposit Insurance Corporation's Motion to Set Aside Entry of Default and to Allow Filing of Answer [Doc. No. 27]; and denying Plaintiff's Preliminary Injunction [Doc. No. 29].

## I.   Background

On June 16, 2015, Plaintiff Amy Hamilton-Warwick, appearing pro se, filed suit against U.S. Bancorp, U.S. Bank National Association (collectively "U.S. Bank"), and the Federal Deposit Insurance Corporation (FDIC). She alleges that U.S. Bank has been informed of fraudulent credit transactions, but has responded passively. (Complt. at 4 [Doc. No. 1].) She further complains of various bank statements having confusing entries that are almost contradictory. *Id.* Finally, she alleges consumer credit agency reports indicate that payments are not being applied to outstanding balances correctly. *Id.* She requests the three Defendants review any transaction disputes, account transfers, and any

"unavailable funds." *Id.* She also wants to know why a transaction in the amount of $39.95 was described as a cash advance, and claims that transaction is fraudulent. *Id.* She concludes by stating that the amount of monetary compensation she seeks is to be determined. *Id.* In her Affidavits for Application of Default Judgment, however, she states that each Defendant is liable in the sum of $4 million [Doc. Nos. 15, 16, 17].

Plaintiff returned as executed the summons against each Defendant [Doc. Nos. 7, 8, 9]. When none of the Defendants filed an answer to her Complaint, Plaintiff applied for a Clerk's entry of default against them [Doc. Nos. 10, 11, 14]. The Clerk of Court entered default against each Defendant [Doc. Nos. 12, 13, 18]. Plaintiff then filed a motion for default judgment against Defendants, [Doc. No. 20], who thereupon filed motions to set aside the entries of default. [Doc. No. 21; Doc. No. 27]. Plaintiff subsequently filed a motion to stay proceedings in the litigation until Defendants could answer the Complaint [Doc. No. 22], and a motion for a preliminary injunction [Doc. No. 29]. On August 4, 2015, Chief Judge John R. Tunheim referred all pending motions to the undersigned for report and recommendation concerning their disposition [Doc. No. 31].

**III.   Discussion**

**A.     The Motions Relating to Default Judgment**

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "the entry of default by the Clerk does not entitle the non-defaulting party to a

3

default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency*, No. 01-cv-497(PAM/JGL), 2002 WL 22040, at *2 (D. Minn. Jan. 2, 2002) (citations omitted). A court may set aside an entry of default under Federal Rule of Civil Procedure 55(c) where there is "good cause." In determining good cause, "the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). Further, even when there has been an entry of default, a defendant can always challenge the jurisdiction of the court to enter a judgment against him, including challenging the validity of service of process. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 864 (11th Cir. 2007).

All three Defendants argue that, notwithstanding Plaintiff's affidavits of service and return of summons for each as executed, they were not properly served and, therefore, the Court must set aside the entry of default. Where there is improper service, "'a federal court lacks jurisdiction over the defendant.'" *Semler v. Klang*, 603 F. Supp. 2d 1211, 1226 (D. Minn. 2009) (quoting *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)). "To enter a default judgment, a court must have jurisdiction over the defaulting party, and the defendant must have been made party to the action by proper service of process." *Burns v. Office of Attorney Gen.*, No. 08–CV–0858 (PJS/RLE), 2007 WL 2247600, at *5 (D. Minn. Aug. 2, 2007).

Federal Rule of Civil Procedure 4 "governs service of the summons in actions in the federal courts." History and Purpose of Rule 4, 4 Fed. Prac. & Proc. Civ. § 1061 (3d ed.). Rule 4(c)(2) states that "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added). Plaintiff signed an affidavit of service by mail stating she sent the summons and complaint by certified mail to Defendants. [Doc. Nos. 7, 8, 9]. During the hearing, Plaintiff alternatively argued that because she sent the summons and complaint by certified mail, the U.S. Postal Service was the process server, not herself. Courts in this district and elsewhere have disagreed. *See e.g.*, *Reading v. United States*, 506 F.Supp.2d 13, 19 (D.D.C. 2007) ("The court can find no authority [] for the proposition that Congress ever contemplated carving a loophole into the procedural rules to permit a plaintiff to serve a defendant by indirectly effectuating service through the postal service."); *Regis v. Devi*, No. 12-cv-1673 (MJD/JJK), 2013 WL 2436888, at *3 (D. Minn. June 4, 2013) (finding pro se plaintiff failed to properly serve defendants under Rule 4(c)(2) where he himself mailed the summons and complaint by certified mail, and further stating "service by mail, even if acknowledged, does not satisfy the 'not a party' requirement"). Because Plaintiff attempted to effect service herself, Defendants were not properly served.

Plaintiff's attempted service of Defendants was deficient for other, independent reasons. Turning first to the U.S. Bank entities, it is undisputed that they are corporations. Except where there is a waiver, service on corporations must be made in accordance with the law of the state where the district court is located or:

5

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Plaintiff admits that she only mailed the summons and complaint; she did not deliver a copy of the summons and complaint to any officer. [Doc. No. 29 at 1].

Plaintiff argues that mailing is an acceptable form of service under Minnesota law, and that Fed. R. Civ. P. 4(e)(1) permits service in any manner that would be sufficient for an action commenced in state court [Doc. No. 36 at 3-4]. But Minnesota Rule of Civil Procedure 4(a) also requires that service upon a corporation must be made by personal service, specifically by:

> delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for the manner of such service shall be complied with.

While Minn. R. Civ. P. 4.05 recognizes that service may be effected by mail, the summons and complaint must be accompanied by a form to acknowledge service by mail, and the person being served has the choice whether to sign and return that acknowledgment. *Id.* If he or she does not, service is "ineffectual," *see id.*, and the plaintiff must serve the party by another authorized method. During the hearing, Plaintiff argued that because she sent the summons and complaint through certified mail and received a return receipt, Defendants waived service. The Eighth Circuit has rejected this argument. *See Gulley v. Mayo Found.*, 886 F.2d 161, 165 (8th Cir. 1989) (finding

6

insufficient service where recipient signed "green card" return receipt).  Further, Plaintiff does not argue, and there is nothing in the record to suggest, that the recipients of the summons and complaint were managing agents or other agents designated to receive service.  Thus, because neither of the U.S. Bank defendants received a form acknowledging service by mail and never signed and returned such a form, Plaintiff did not properly serve them under either Fed. R. Civ. P. 4(h) or Minn. R. Civ. P. 4.05.

Service on the FDIC carries still different requirements.  The FDIC is a government corporation,[1] and therefore must be served in accordance with the requirements of Fed. R. Civ. P. 4(i)(2).  That rule provides that a party seeking to serve a United States agency or corporation must both serve the United States in the manner set forth in Fed. R. Civ. P. 4(i)(1), and also send a copy of the summons and the complaint by registered or certified mail to the agency or corporation.  Review of the affidavit of service filed by Plaintiff makes it clear that she did not properly serve the United States and the FDIC itself in the manner required by Rule 4(i)(1) and (2).

Plaintiff argued at the hearing that because the office of the Clerk of Court entered default based upon her affidavits of service, it must have concluded service was proper and this Court should therefore abide by that determination and enter default judgment.

---

[1] Plaintiff argues that the FDIC is a corporation, but not a government corporation.  [Doc. No. 45 at 2].  Plaintiff points to 12 U.S.C. § 1811, which establishes the FDIC, but nothing about that statute supports Plaintiff's position.  Other courts have recognized that the FDIC is a government agency.  *See e.g.*, *Veluchamy v. FDIC*, 706 F.3d 810, 812 (7th Cir. 2013) ("The FDIC is most typically known as the federal agency that insures the accounts of a bank's depositors, but it also serves as a bank overseer and regulator."); *Alter v. FDIC*, 57 F. Supp. 3d 1325, 1328 (D. Utah 2014) ("FDIC is an agency chartered by federal law with, among other duties, administering the Federal Deposit Insurance Act and the federal bank deposit insurance system.").

But Fed. R. Civ. P. 55(c) expressly provides that "[f]or good cause shown the *court* may set aside an entry of default." (emphasis added).  If the Court concludes Defendants have not been effectively served, the entry of default was improper, and "good cause" has been shown to set it aside.  *See, e.g.*, *Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1010 (N.D. Iowa 2003) (finding inadequacy of service of process despite plaintiffs' argument the court could not reconsider the entry of default because it was entered by the Clerk of Court).

   In conclusion, although "as a *pro se* litigant, the Plaintiff is entitled to certain leniencies in the prosecution of [her] case, we cannot ignore the requirement that the Plaintiff effect proper service of process on the Defendants." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1227 (D. Minn. 2009).  Despite Plaintiff's arguments, "even actual notice by a defendant of a suit does not lift the burden of the service requirement from a plaintiff." *Hinz v. Washington Mut. Home Loans*, No. 03-3203 (DWF/JGL), 2004 WL 729239, at *2 (D. Minn. Apr. 2, 2004) (citing *Sieg v. Karens*, 693 F.2d 803, 807 (8th Cir. 1982)).  Because Plaintiff failed to serve Defendants, the Court concludes Defendants have shown good cause under Fed. R. Civ. P. 55(c), and therefore recommends denying Plaintiff's motion for default judgment and granting Defendants' motions to set aside the entries of default.

   The Court notes that more than 120 days have passed since the Complaint was filed.  Federal Rule of Civil Procedure 4(m) provides that if a defendant "is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant

or order that service be made within a specified time." The Court recommends that Plaintiff be ordered to complete proper service on each Defendant within thirty days of the date of the order of the District Court on these motions, failing which her Complaint against any Defendant not properly served should be dismissed without prejudice.

The FDIC's motion also raised the issue of the time allowed for the FDIC to answer the Complaint if and when it is properly served. Although the issue is not yet ripe, the Court addresses it here in the hope of avoiding needless motion practice in the future. Under Rule 12(a)(2), a United States agency has sixty days after service on the United States attorney to answer a complaint. The courts have held that Rule 12(a)(2) also applies to government corporations such as the FDIC. *See Rauscher Pierce Refsnes, Inc. v. FDIC*, 789 F.2d 313, 313 (5th Cir. 1986) (holding that the FDIC "is an agency of the United States as that term is used in Rule 12(a) and defined in 28 U.S.C. § 451, and it therefore ha[s] 60 days after service to file an answer"); *Fed. Deposit Ins. Corp. v. Manatt*, 723 F. Supp. 99, 102 (E.D. Ark. 1989) ("FDIC, as a federal agency, has sixty days to respond to the counterclaim."). Thus, if and when the FDIC is properly served in this case, it will have the full sixty days provided by Rule 12(a)(2) to answer or otherwise respond to the Complaint.

For the reasons already discussed, the Court also recommends denying Plaintiff's motion to stay. Plaintiff filed a motion under Federal Rule 62(b) to stay enforcement of the default judgments in this case until Defendants file their answers. [Doc. No. 22]. Since there are no judgments to stay, the Court recommends denying Plaintiff's motion as moot.

B.     **Plaintiff's Motion for a Preliminary Injunction**

Plaintiff filed a motion for a preliminary injunction on July 30, 2015 [Doc. No. 29].  As previously explained, the Court does not have jurisdiction over Defendants and thus cannot enter any injunction against them.  *See Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1339 (8th Cir. 1983).  Further, Plaintiff's motion does not specify any requested relief.  The only passing mention of relief is in her reply filed on September 28, 2015, in which she seems to ask for an injunction to "foreclose future harmful acts which are referred to in earlier filings (ECF No. 29 Page 2)" [Doc. No. 45 at 3-4].  But there is no specific request for relief from the Court at "ECF No. 29 Page 2," let alone an analysis of the factors required to warrant the extraordinary relief of a preliminary injunction.[2]  The Court therefore recommends denying Plaintiff's motion for a preliminary injunction.

**III.   Recommendation**

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Plaintiff's Motion for Judgment by Default upon Application to the Clerk for Defendant U.S. Bancorp, Defendant U.S. Bank National Association, and Defendant Federal Deposit Insurance Corporation [Doc. No. 20] be **DENIED**;

---

[2] The Eighth Circuit recently reiterated the factors a district court must consider in determining whether to issue a preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties [ ]; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest."  *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 914 (8th Cir. 2015) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

2. U.S. Bank National Association and U.S. Bancorp's Motion to Set Aside Entry of Default and to Allow Filing of Answer [Doc. No. 21] be **GRANTED**;

3. Plaintiff's Motion for Stay of Proceedings Pending Disposition of Motions After Entry of Judgment [Doc. No. 22] be **DENIED AS MOOT**;

4. Federal Deposit Insurance Corporation's Motion to Set Aside Entry of Default and to Allow Filing of Answer [Doc. No. 27] be **GRANTED**; and

5. Plaintiff's Preliminary Injunction [Doc. No. 29] be **DENIED**.

6. Plaintiff be given thirty days from the date of the Order of the District Court on these motions to complete proper service on each Defendant, and after that time, her Complaint against any Defendant not properly served should be dismissed without prejudice.

7. If they are properly served, the U.S. Bank defendants will have the time set forth in Federal Rule of Civil Procedure 12(a)(1)(A) to respond, and the FDIC will have the time set forth in Federal Rule of Civil Procedure 12(a)(2) to respond.

Dated: October 29, 2015          s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

11

objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.