**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AMY HAMILTON-WARWICK, | Civil No. 15-2730 (JRT/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| U.S. BANCORP, U.S. BANK NATIONAL ASSOCIATION, and the FEDERAL DEPOSIT INSURANCE CORPORATION, | |
| Defendants. | |

Amy Hamilton-Warwick, 306 Exchange Street South, St. Paul, MN  55102, *pro se*.

Jonathan P. Norrie, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN  55402, for defendants U.S. Bancorp and U.S. Bank National Association.

Andrew A. Nicely, **FEDERAL DEPOSIT INSURANCE CORPORATION**, 3501 Fairfax Drive, Room VS-D-7028, Arlington, VA 22226, for defendant Federal Deposit Insurance Corporation.

In June 2015, Hamilton-Warwick filed a complaint in this Court, and none of the defendants answered in the time allotted.  The Clerk of the Court made a default entry on the docket, and now Hamilton-Warwick has moved the Court to enter default judgment. Defendants have in return moved the Court to set aside the entry of default because they argue Hamilton-Warwick never provided them with effective service.  In October 2015, United States Magistrate Judge Hildy Bowbeer issued a report and recommendation

("R&R") finding that service was indeed ineffective and recommending that the Court grant defendants' motions and deny Hamilton-Warwick's motion for judgment by default. Hamilton-Warwick filed objections to the R&R, but the Court agrees with the Magistrate Judge's reasoning. The Court will overrule Hamilton-Warwick's objections and adopt the R&R.

## BACKGROUND

On June 16, 2015, Hamilton-Warwick filed a complaint in this Court naming U.S. Bancorp, U.S. Bank National Association (together "U.S. Bank"), and the Federal Deposit Insurance Corporation ("FDIC") as defendants. (Compl., June 16, 2015, Docket No. 1.) The following week Hamilton-Warwick filed a "Certificate of Service for Service by Mail," in which she stated that she "mailed by first class mail" copies of the summons and complaint to U.S. Bank and the FDIC. (Certificate of Service for Service by Mail, June 22, 2015, Docket No. 2.)

None of the defendants answered Hamilton-Warwick's complaint, and in mid-July Hamilton-Warwick requested that the Clerk of the Court make a default entry on the docket against each defendant. The Clerk of the Court granted her requests.

On July 22, 2015, Hamilton-Warwick moved the Court to grant default judgment in her favor and against each defendant. (Proposed Mot. for Default J., July 22, 2015, Docket No. 20.) U.S. Bank and the FDIC then filed their own motions asking that the Court set aside the default entry. (Docket Nos. 21, 27.)

Hamilton-Warwick also filed a motion to "stay[] all proceedings to enforce the proposed default Judgment" (Docket No. 22), and a motion for a preliminary injunction (Docket No. 29).

On August 4, 2015, the Court issued an order referring all of the above-mentioned motions to the Magistrate Judge. (Or. of Reference, Aug. 4, 2015, Docket No. 31.) The Magistrate Judge issued an R&R on October 29, 2015, recommending that all of Hamilton-Warwick's motions be denied and that defendants' motions be granted because Hamilton-Warwick had failed to provide proper service and the Court therefore lacked jurisdiction over defendants. (R&R at 10-11, Oct. 29, 2015, Docket No. 49.) The Magistrate Judge also recommended that Hamilton-Warwick be given thirty days from the date of the Court's order to complete proper service. (*Id.*) Hamilton-Warwick filed timely objections to the R&R on November 5, 2015. (Obj., Nov. 5, 2015, Docket No. 50.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, Hamilton-Warwick properly objected to the R&R's finding that she had not provided effective service to U.S. Bank. (Obj. at 2-4.) The Court also interprets as an objection Hamilton-Warwick's discussion of the R&R's finding that she did not perform proper service on the FDIC. (*Id.* at 4.)

The Court will review these findings *de novo*.

## II.  OBJECTIONS

Hamilton-Warwick objects to the Magistrate Judge's finding that she did not provide U.S. Bank with proper service of process. As the Court understands it, she argues her attempt at service was proper because it (1) was made via the U.S. Postal Service, and (2) complied with Minnesota rules on service of process.

A federal court may not exercise jurisdiction over a defendant unless the defendant has been provided with proper service of process. *Omni Capital Int'l, Lt'd v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (stating that service of process is a constitutional requirement).

Federal Rule of Civil Procedure 4 governs service requirements in federal court, and the Magistrate Judge found that Hamilton-Warwick's attempt at service fell below Rule 4's requirements in several respects. Hamilton-Warwick first objects to the Magistrate Judge's finding that service was not effective by virtue of being made via the U.S. Postal Service. Subsection (c)(2) of Rule 4 states that a summons and complaint may be served only by a "person who is at least 18 years old and [is] not a party." Here,

Hamilton-Warwick's attempt at service was ineffective because she is a party to the action and nonetheless attempted to serve the defendants herself – she did not use a third-party process server.   Hamilton-Warwick argues that she did not run afoul of subsection (c)(2)'s requirements because it was the U.S. Postal Service who served the papers, not her.   The Court disagrees.   While Hamilton-Warwick did send the summons and complaint through the mail, her use of the mail was **how** she attempted service; it did not change **who** was making the attempt.   *See Regis v. Devi*, No. 12-1673, 2013 WL 2436888, at *3 (D. Minn. June 4, 2013) (holding that a party who attempted service via the mail was inappropriately attempting service on their own); *Otto v. United States*, No. 5-2319, 2006 WL 2270399, at *2 (D.D.C. 2006) (explaining that while "Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service").

Hamilton-Warwick also objects to the Magistrate Judge's finding that her attempt at service was not in compliance with Minnesota law.   Federal Rule of Civil Procedure 4(h)(1)(A) and (e)(1) permits a person to serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."   Because the Court sits in Minnesota, Hamilton-Warwick may complete proper service under these provisions by complying with Minnesota's law.   And in Minnesota, a person who seeks to serve an association or a corporation must effect personal service upon an officer or authorized agent.   Minn. R. Civ. P. 4.03(b), (c).   Hamilton-Warwick did not provide

personal service to any U.S. Bank officer or authorized agent, and thus her attempt at service did not comply with the Minnesota or federal rules.

Hamilton-Warwick argues that under Minnesota law U.S. Bank waived service when a paralegal to counsel for U.S. Bank allegedly left a voicemail for Hamilton-Warwick confirming receipt of the copies of the service documents. (Objs. at 3.) Even this voicemail is not sufficient for waiver of service, however, because the Minnesota rules require a plaintiff seeking waiver of service to send the summons and complaint along with a form on which the defendant can acknowledge receipt and, if they so choose, return the form to waive service. Minn. R. Civ. P. 4.05. If the defendant does not return the form, service is "ineffectual." *Id.* Here, Hamilton-Warwick did not send U.S. Bank, and U.S. Bank did not return, the appropriate waiver of service form. U.S. Bank therefore did not waive service.

Hamilton-Warwick also argues that the Court should ignore these formalities because "[t]he Defendants related to this matter have all stated they had properly received a copy of the Plaintiff's Complaint and Summons." (Objs. at 3.) But unless a defendant waives service or makes a voluntary appearance, it is of no matter whether the defendant had actual notice of the court action. *Sieg v. Karens*, 693 F.2d 803, 807 (8th Cir. 1982); *see Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

Finally, the Court will also overrule Hamilton-Warwick's objection to the R&R's finding that she did not properly serve the FDIC. Federal Rule of Civil Procedure (4)(i) applies whenever a plaintiff attempts service on "the United States and its Agencies, Corporations, Officers, or Employees." A plaintiff who seeks to file an action against a

United States corporation must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States a party, a party must:

**(A)** **(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Here, the FDIC is a government corporation. (*See* 5 U.S.C. § 103 (defining "government corporation" as "a corporation owned or controlled by the Government of the United States"); 12 U.S.C. § 1812 (stating that the President of the United States appoints a majority of the FDIC's board and its chairperson). Although Hamilton-Warwick sent a copy of the summons and complaint via certified mail to the FDIC, she did not serve the United States. (Certificate of Service of Process.) Hamilton-Warwick's attempted service of the FDIC therefore was not proper.

## CONCLUSION

Although the Court is granting the defendants' motions to set aside the entry of default, and is finding that Hamilton-Warwick failed to provide defendants with proper

service, the Court will permit Hamilton-Warwick thirty days to re-attempt service on each defendant. After thirty days, if service has not been properly completed, the Court will dismiss Hamilton-Warwick's complaint. But even then the Court's dismissal will be "without prejudice," meaning that Hamilton-Warwick may have the opportunity to re-file her claims if she so desires. *See* Fed. R. Civ. P. 4(m) (stating that a complaint must be dismissed "without prejudice" if the plaintiff has failed to effect proper service within the time allotted).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Hamilton-Warwick's objection [Docket No. 50] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 49]. Accordingly, **IT IS HEREBY ORDERED** that:

1.      Hamilton-Warwick's Motion for Judgment by Default upon Application to the Clerk for Defendants U.S. Bancorp, U.S. Bank National Association, and Federal Deposit Insurance Corporation [Docket No. 20] is **DENIED**.

2.      U.S. Bank National Association and U.S. Bancorp's Motion to Set Aside Entry of Default and to Allow Filing of Answer [Docket No. 21] is **GRANTED**.

3.      Hamilton-Warwick's Motion for Stay of Proceedings Pending Disposition of Motions After Entry of Judgment [Docket No. 22] is **DENIED as moot**.

4.      Federal Deposit Insurance Corporation's Motion to Set Aside Entry of Default and to Allow Filing of Answer [Docket No. 27] is **GRANTED**.

- 9 -

5.      Hamilton-Warwick's Preliminary Injunction [Docket No. 29] is **DENIED**.

6.      Hamilton-Warwick's has thirty (30) days from the date of this Order to complete proper service on each defendant.  After that time, Hamilton-Warwick's complaint against any defendant not properly served will be dismissed without prejudice.

7.      If defendants are properly served, U.S. Bank National Association and U.S. Bancorp's will have the time set forth in Federal Rule of Civil Procedure 12(a)(1)(A) to respond, and the Federal Deposit Insurance Corporation will have the time set forth in Federal Rule of Civil Procedure 12(a)(2).


DATED:   February 24, 2016                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    Chief Judge
                                                    United States District Court