UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AMY HAMILTON-WARWICK, | Civil No. 15-2730 (JRT/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| U.S. BANCORP, U.S. BANK NATIONAL ASSOCIATION, FEDERAL DEPOSIT INSURANCE CORPORATION, | |
| Defendants. | |

Amy Hamilton-Warwick, 306 Exchange Street South, St. Paul, MN 55102, *pro se*.

Amie E. Penny Sayler and Jonathan P. Norrie, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendants U.S. Bancorp and U.S. Bank National Association.

Andrew A. Nicely and Larry L. Goodman, **FEDERAL DEPOSIT INSURANCE CORPORATION**, 3501 Fairfax Drive, Arlington, VA 22226, for defendant Federal Deposit Insurance Corporation.

In June 2015, Plaintiff Amy Hamilton-Warwick initiated this *pro se* action against the Federal Deposit Insurance Corporation ("FDIC") and U.S. Bancorp and U.S. Bank National Association (collectively, "U.S. Bank") alleging that U.S. Bank committed various illegal actions against her in managing her U.S. Bank account. (Compl., June 16, 2015, Docket No. 1.) In February 2016, the Court found that Hamilton-Warwick had failed to properly serve the defendants and granted her thirty days to perfect service on

each defendant.  (Mem. Op. and Order, Feb. 24, 2016, Docket No. 55.)  Hamilton-Warwick then filed an amended complaint.  (Am. Compl., Mar. 1, 2016, Docket No. 56.)  In her amended complaint, Hamilton-Warwick alleges that Defendants committed fraud.  (Am. Compl. at 4-6.)

Each defendant has moved to dismiss Hamilton-Warwick's complaint for failure to state a claim.  (FDIC's Mot. to Dismiss, Mar. 9, 2016, Docket No. 58; U.S. Bank's Mot. to Dismiss, Mar. 28, 2016, Docket No. 67.)  In Hamilton-Warwick's briefing on those motions to dismiss and at the motion hearing before United States Magistrate Judge Hildy Bowbeer, she argued for the first time that Defendants were liable not only for common law fraud, but also for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Bank Holding Company Act ("BHCA"), 12 U.S.C. § 503, and the Electronic Funds Transfer Act ("EFTA").  Hamilton-Warwick cited none of those legal authorities in her complaint or amended complaint.  In May 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' motions be granted and Hamilton-Warwick's complaint be dismissed in its entirety.  (R&R, May 18, 2016, Docket No. 96.)  The Magistrate Judge recommended that all of Hamilton-Warwick's claims against the FDIC and also her RICO, BHCA, and § 503 claims against U.S. Bank be dismissed with prejudice.  But the Magistrate Judge also recommended that the fraud and EFTA claims be dismissed **without** prejudice, because although Hamilton-Warwick had failed to state a claim generally, it was conceivable that she could, in a future complaint, allege sufficiently detailed facts to state fraud and EFTA claims.

Hamilton-Warwick and U.S. Bank each objected to the R&R. (Hamilton-Warwick's Objs., May 24, 2016, Docket No. 97; U.S. Bank's Objs., June 1, 2016, Docket No. 98).

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II. HAMILTON-WARWICK'S OBJECTIONS

Hamilton-Warwick has seven objections to the R&R. First, she objects to the Magistrate Judge's statement that she "declined assistance" from the Federal Bar Association's *pro se* project. (Hamilton-Warwick's Objs. at 1-2.) Hamilton-Warwick states she accepted assistance and had an "initial conversation" with an attorney she met through the project, but had no further contact with the attorney because she understood that to be "the extent" of the project. (*Id.* at 2.) The Court is unaware of the exact details of Hamilton-Warwick's contact with the *pro se* project, but because this objection is solely to the R&R's factual summary of the case and has no bearing on the outcome of the now-pending motions, the Court will sustain the objection.

Second, Hamilton-Warwick objects to the R&R's statement that she "demands $250,000.00 in her request for relief." (Hamilton-Warwick's Objs. at 2; *see* R&R at 3.) Hamilton-Warwick's complaint requests damages "in excess" of $250,000.00. (Am. Compl. at 6.) Again, the Court will sustain this objection, but notes that the distinction has no effect on the outcome of the pending motions.

Hamilton-Warwick's third and fourth objections argue that dismissal is inappropriate because Defendants each improperly styled their motions as motions to dismiss "the complaint," instead of the amended complaint. (Hamilton-Warwick's Objs. at 3-4.) But neither party made the mistake Hamilton-Warwick accuses them of making. While it is true that the FDIC's moving document does reference "the complaint" and not the amended complaint, the FDIC's memorandum in support of its motion makes clear it is seeking to dismiss the amended complaint. (FDIC's Mot. to Dismiss at 1, 3, 7, 10 (stating that the amended complaint should be dismissed).) U.S. Bank's moving document and memorandum in support of its motion each request the dismissal of the "amended complaint." (U.S. Bank's Mot. to Dismiss at 1; U.S. Bank's Brief in Supp. of its Mot. to Dismiss at 1, 2, 6, 7, 8.) Hamilton-Warwick's third and fourth objections are overruled.

Fifth, Hamilton-Warwick objects that her RICO and fraud claims should not be dismissed because she should be permitted to conduct discovery first. (Hamilton-Warwick's Objs. at 3.) The Magistrate Judge was correct, however, in noting that a plaintiff cannot be permitted to wait until discovery to "fill in the blanks" in her

complaint. *U.S. ex rel. Joshi v. St. Luke's Hosp.*, 441 F.3d 552, 559 (8th Cir. 2006). Hamilton-Warwick's fifth objection is therefore overruled as well.

Sixth, Hamilton-Warwick objects that the FDIC did not act "in a corporate capacity" or as a federal agency with respect to her, and therefore the FDIC should be held vicariously liable for U.S. Bank's conduct. (Hamilton-Warwick's Objs. at 4.) Hamilton-Warwick has cited no legal authority and presented no facts to suggest the FDIC is acting outside of the scope of its legal mandate or that even if it were it could somehow be held liable for U.S. Bank's actions. Her sixth objection is overruled.

### III.  U.S. BANK'S OBJECTIONS

U.S. Bank objects to the Magistrate Judge's recommendation that the Court dismiss Hamilton-Warwick's fraud and EFTA claims without prejudice. When the Court dismisses a complaint, dismissal should "[o]rdinarily" be without prejudice, unless "the plaintiff has persisted in" failing to state a claim. *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam). Dismissal without prejudice only becomes inappropriate when the Court "is truly unable to conceive of any set of facts under which [the] plaintiff would be entitled to relief" under the stated claim. *Bounds v. Hanneman*, No. 13-266, 2014 WL 1303715, at *14 (D. Minn. Mar. 31, 2014) (quoting *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009)). Thus, where the filing of an amended complaint alleging new facts would be "futile," the Court should dismiss with prejudice. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 446 (8th Cir. 2014). Additionally, if the Court initially dismisses a claim or a complaint without prejudice because it finds that the

plaintiff may be able to state a claim after including additional facts in an amended complaint, but then a subsequent amended complaint again fails to state a claim, dismissal with prejudice is often appropriate. *See Michaelis*, 717 F.2d at 438-39 (dismissing plaintiff's complaint with prejudice after dismissing his first complaint without prejudice).

Here, U.S. Bank argues that Hamilton-Warwick's fraud and EFTA claims should be dismissed with prejudice, not without prejudice, just as the rest of her claims were dismissed with prejudice. By U.S. Bank's count, Hamilton-Warwick has already had four chances to amend and fix her complaint, and therefore the rule from *Michaelis* requires dismissal with prejudice. U.S. Bank suggests that Hamilton-Warwick had a chance to allege facts sufficient to support the fraud and EFTA claims in her initial complaint, amended complaint, brief in opposition to U.S. Bank's motion to dismiss, and objections to the R&R. The problem with this argument, however, is that Hamilton-Warwick was never told that the facts in her complaint were insufficient by anyone other than Defendants until the Magistrate Judge issued the R&R. It also would make little sense for Hamilton-Warwick to put in her objections to the R&R an argument supporting the R&R's without-prejudice findings on the fraud and EFTA claims – objections to an R&R are objections, not a brief in support of the R&R. Therefore, because the Court's order today is the first dismissal of Hamilton-Warwick's complaint for failure to state a claim, and because it is conceivable that Hamilton-Warwick could allege, in a new complaint, facts sufficient to state fraud and EFTA claims, the Court finds that the Magistrate Judge was correct, and those claims should be dismissed without prejudice.

U.S. Bank also argued that the EFTA claim should be dismissed with prejudice because Hamilton-Warwick waived the opportunity to present the claim by not including it in either of her initial or amended complaints, and instead raised the claim for the first time at oral argument on the motions to dismiss. U.S. Bank's argument would have significant force in a case involving another sophisticated party, but Hamilton-Warwick is *pro se*. The Court will read Hamilton-Warwick's EFTA claim into her broadly-stated (and factually insufficient) amended complaint because "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Hamilton-Warwick has therefore not waived her right to present an EFTA claim in a subsequent complaint, should she choose to file one, and the Magistrate Judge was correct to find that the EFTA claim should be dismissed without prejudice.

Finally, Hamilton-Warwick argued that the Court should not consider U.S. Bank's objections to the R&R because they were untimely. (Hamilton-Warwick's Resp. to U.S. Bank's Objs., June 6, 2016, Docket No. 99.) A party may file objections to an R&R "[w]ithin 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). When computing the application of Rule 72's 14-day time period, the Court must "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A). Here, the Magistrate Judge issued the R&R on May 18, 2016. The 14-day period began running on May 19, 2016, because May 18 was the event that triggered the period. U.S. Bank filed

its objections on June 1, the 14th day of the 14-day period.  Therefore U.S. Bank's objections were not untimely.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS in part** and **OVERRULES in part** plaintiff's objections [Docket No. 97], **OVERRULES** defendants U.S. Bancorp and U.S. Bank National Association's objections [Docket No. 98], and **ADOPTS in part** and **MODIFIES in part** the Report and Recommendation of the Magistrate Judge dated May 18, 2016 [Docket No. 96]. Accordingly, **IT IS HEREBY ORDERED** that:

3. The Report and Recommendation of the Magistrate Judge [Docket No. 96] is **MODIFIED** as to the Report's factual statements that Hamilton-Warwick "declined assistance" from the Federal Bar Association's *pro se* project and that she sought only $250,000 in damages, instead of damages in excess of $250,000.  The Report and Recommendation is **ADOPTED** in all other respects.

4. The FDIC's Motion to Dismiss [Docket No. 58] is **GRANTED**.  The claims against the FDIC are **DISMISSED with prejudice**.

5. U.S. Bancorp and U.S. Bank National Association's Motion to Dismiss [Docket No. 67] is **GRANTED.**  The RICO, BHCA, and § 503 claims against U.S. Bancorp and U.S. Bank are **DISMISSED with prejudice**, and the fraud and EFTA claims against U.S. Bancorp and U.S. Bank are **DISMISSED without prejudice**.

6. Hamilton-Warwick's Amended Complaint [Docket No. 56] is **DIMSISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 22, 2016       _____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                 Chief Judge
                                     United States District Court